Herbert and Enid Wieder [1] v. Commissioner. Wieder v. Commissioner
Docket No. 7357-70 SC.
United States Tax Court
T.C. Memo 1971-246; 1971 Tax Ct. Memo LEXIS 88; 30 T.C.M. (CCH) 1067; T.C.M. (RIA) 71246; September 27, 1971, Filed. J. M. Picower, 521 5th Ave., New York, N. Y., for the petitioners. John D. Shuff, for the respondent. INGOLIA
Memorandum Findings of Fact and Opinion INGOLIA, Commissioner: Respondent determined a deficiency in the petitioners' Federal income tax of $2,100.22 for the taxable year ending December 31, 1966, and $462.33 *89 for the taxable year ending December 31, 1967. Originally, there were several adjustments made by the respondent, all but one of which have been resolved by agreement of the parties. The only 1068 remaining issue is whether the petitioners are entitled to a dependency exemption for Ellen Stein for the years 1966 and 1967 under section 151 of the Internal Revenue Code of 1954. [2]
Findings of Fact Some of the facts have been stipulated and are found accordingly. The petitioners, Herbert and Enid Wieder, were residents of Great Neck, New York, at the time the petition herein was filed. For the taxable years 1966 and 1967, their joint income tax returns were filed with the District Director of Internal Revenue at Brooklyn, New York. Enid Wieder (hereinafter referred to as the petitioner) was formerly married to Dr. Howard Stein. Ellen Stein is their daughter. The petitioner and Dr. Stein were divorced and custody of Ellen was awarded to the petitioner on March 23, 1961. In 1966 Dr. Stein made support payments for Ellen under a Mexican decree until May 19, 1966, when *90 the amount was increased by the Family Court of Nassau County, New York. In 1966 under the Court decrees, Dr. Stein contributed $2,250 toward Ellen's support and in 1967 he contributed $2,675. He also paid $345.70 in 1966 and $400.99 in 1967 for premiums on insurance policies on his life under which Ellen was the beneficiary. In 1966 and 1967 the petitioner lived in Great Neck, New York, with her present husband, Dr. Wieder; her daughter, Ellen; and, for the first six months of 1966, her stepson, Lawrence. They retained a fulltime housekeeper. The petitioner's standard of living and that of her daughter was approximately the same as it had been with Dr. Stein. Not only were both her present husband and Dr. Stein physicians, but their earnings were similar and they both lived in Great Neck - an upper middle-class community. In each year the petitioner expended various sums for the maintenance of her household. These expenditures related to the family as an entity rather than any particular member. In 1966 the petitioner paid for rental on an apartment at the rate of $280 per month. She paid utilities expense of $205 for the year. Payments for other household expenses such as food, *91 clothing, drugs, hardware, and the cost of the maid's services totalled $8,455.15. In 1967 the apartment rental paid was again $280 per month. Other house expenses totalled $9,059. Opinion Section 151[3] provides a dependency exemption for each dependent as defined in section 152(a). [4] In order to claim the exemption a taxpayer must prove that he furnished over one-half of the dependent's support in the year in question. Where a child of divorced or separated parents is involved as in this case, special rules are provided for determining which of the separated or divorced parents is entitled to the dependency exemption in section 152(e), [5] which 1069 is effective for the year 1967. In essence, as applied to this case, they provide that the noncustodial parent shall be deemed to have contributed over one-half toward a child's support if he provides $1,200 or more for the support of the child and the custodial parent does not "clearly establish" that he or she provided more for the child's support in the year involved. *92 In the instant case as to the year 1966, we think there is no question but that the petitioner supplied more than one-half of Ellen's support. The evidence clearly establishes the amounts paid for rent and other household expenses. The pro-rata share of the rental and utility expenses allocable to Ellen for the year was $1,039. The other household expenses such as food, drugs, and payment for maid's services were also not divisible and her pro-rata share was $2,451. These items alone, which clearly represent support payments, total $3,490 - substantially more than the amounts paid for Ellen's support by Dr. Stein even if we include the insurance premiums on his life insurance policy (support payments of $2,250 + life insurance of $345.70 = $2,595.70). We reach this result before we need consider amounts claimed as support by the petitioner which relate to purchases of Ellen's clothes ($1,686), her allowance ($260), her medical expenses ($504), and her pro-rata share of the cost of a trip to Jamaica ($1,133). As to the year 1967, we also believe that the petitioner clearly established that she furnished over one-half of Ellen's support. The pro-rata share of rental expenses allocable *93 to Ellen was $1,120. Her share of the other household expenses was $3,020. The total of these items ($4,140) again exceeds the amounts expended by Dr. Stein even if we include the insurance premiums (support payments of $2,675 + insurance premiums of $400.99 = $3,075.99). Again, we reach this result before considering amounts claimed by the petitioner as support for Ellen's clothes ($754), her allowance ($260), her medical expenses ($139), her pro-rata share of the cost of a trip to Jamaica ($1,913), and the cost of her trip to Florida ($130). The petitioner's case is not adversely affected by the provisions of section 152(e), because even though the noncustodial parent did furnish over $1,200 for Ellen's support in 1967, the fact that the petitioner furnished over one-half of Ellen's support and more than that furnished by Dr. Stein was "clearly established". This is so regardless of whether the test is a "clear preponderance" of the evidence or "clear and convincing proof". See Allen F. Labay, 55 T.C. 6 (1970), on appeal (C.A. 5, Jan. 4, 1971). The rent payments were supported by cancelled checks as were the payments for household expenses. None of the amounts was *94 estimated nor was there any doubt as to the purpose of the payments. Where questions did arise the petitioner's testimony was corroborated by her daughter. Finally, it should be noted that we have not made any determination regarding two questions raised by the respondent. We have not passed on whether or not the life insurance premiums paid by Dr. Stein constitute an item for the support of Ellen who is the policies' beneficiary, because even if we include these amounts as support for Dr. Stein, the petitioner still has contributed more than one-half. Consequently, a determination of this issue would not affect the outcome of the case. Likewise, we have not determined whether the expense of the Jamaica trip constitutes a support payment because again, even were we to decide the question in favor of the respondent, the petitioner would still be entitled to the dependency exemption. Reviewed and adopted as the report of the Small Tax Case Division. To reflect agreement of the parties on other issues, Decision will be entered under Rule 50. 1070 Footnotes
1. This case was consolidated for purposes of trial with Howard and Lillian Stein, Docket No. 819-71 "S". Two separate Opinions are being written since the petitioners in Stein elected to have their case handled under the procedures set forth in section 7463 of the Internal Revenue Code of 1954, and the Court concurred in the election. The petitioners in this case did not make such an election.↩
2. All section references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
3. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * * (e) Additional Exemption for Dependents. - (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, or (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. ↩
4. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either, * * * ↩
5. SEC. 152(e). Support Test in Case of Child of Divorced Parents, etc. - (1) General rule - If - (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) Special rule. - The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if - (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the suppot of such child during the calendar year than the parent not having custody. For the purposes of this paragraph, the amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.↩